IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10556
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JULIAN ANDREW DIAZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-62-ALL-C
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Julian Andrew Diaz appeals his sentence following a guilty-
plea conviction for possession of a firearm by a convicted felon
and aiding and abetting, in violation of 18 U.S.C. §§ 2 and
922(g)(1).  Diaz argues that the district court erred in
increasing his base offense level by four levels pursuant to
U.S.S.G. § 2K2.1(b)(5).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Section 2K2.1(b)(5) provides for a four-level sentencing increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense."  Relying on United States v. Mitchell, 166 F.3d 748 (5th Cir. 1999), and cases from other circuits, Diaz asserts that because the firearms and drugs were not found in close physical proximity, the Government was required to produce additional corroborating facts to prove that the U.S.S.G. § 2K2.1(b)(5) enhancement was warranted.

Mitchell did not involve U.S.S.G. § 2K2.1(b)(5), but U.S.S.G. § 2K2.1(c)(1), which applies when "the defendant used or possessed any firearm or ammunition in connection with the *commission or attempted commission* of another offense."  U.S.S.G. § 2K2.1(c)(1)(emphasis added).  We held the Government to a higher burden in Mitchell because of this additional language.  See 166 F.3d at 756.

Although the firearms and the drugs were located in different rooms of Diaz's residence, the firearms were "readily available" to Diaz and "were possessed and could have been used to facilitate" his drug-related activities.  See United States v. Armstead, 114 F.3d 504, 512 (5th Cir. 1997); United States v. Condren, 18 F.3d 1190, 1200 (5th Cir. 1994).  The firearms thus were possessed "in connection with" Diaz's drug possession within the meaning of U.S.S.G. § 2K2.1(b)(5).  Accordingly, the district court's judgment is AFFIRMED.